## WILLIAM PYNCHON *vs.* CHARLES STEARNS.

S., tenant of land for the life of P., leased and demised it, by indenture, to W., the remainderman, " to have and to hold, during the life of P.; reserving, however, to said S., for himself or any one under him, the right to erect any buildings he may choose on the premises, without molestation; the said W. yielding and paying therefor the annual rent of fifteen dollars. Said W. is also to keep the fences in repair, and to pay all taxes that may be assessed thereon : It is understood, however, that in case said S. should use any part of the land for buildings and their appendages, a proportionate amount shall be deducted from the rent which said W. is to pay, in proportion to the quantity of land so taken." While W. was in possession, under this demise, S. entered upon the land, laid out a street over it, erected buildings on both sides of the street, and resumed possession of the whole of the land, by himself and his tenants. *Held*, on a writ of entry brought by W. against S., that the legal estate in fee was in W., and that he was entitled to recover, notwithstanding the words of reservation in the lease; as those words could not be so construed as to render them repugnant to the habendum, and thereby defeat the grant of P.'s life estate to W.

WRIT OF ENTRY to recover a parcel of land in Springfield, formerly called Pond Meadow.

At the trial before *Dewey*, J. on the issue of nul disseizin, the demandant gave in evidence the last will of his brother, Edward Pynchon, proved and allowed on the 30th of May 1830, by which said Edward devised the demanded premises

to his wife, Susan Pynchon, so long as she should remain his widow, remainder to the demandant in fee; an assignment of said parcel to the tenant, on the 19th of April 1839, by said Susan, for her life; and also the following lease from the tenant to the demandant: " This indenture witnesseth, that Charles Stearns of Springfield, Massachusetts, hath leased and demised to William Pynchon of Springfield aforesaid, his heirs, executors, administrators and assigns, the meadow lying in Springfield, bounded northerly by the Emery farm, westerly by Main Street, southerly by said Pynchon, and easterly by the cross fence, as it is now built, about midway of the meadow; the same lot being a part of what I have leased of Mrs. Susan Pynchon, by an instrument dated April 19th 1839, and recorded in the registry of deeds for Hampden county, Book 100, page 551. To have, and to hold the same, during the life of the said Mrs. Susan Pynchon: Reserving, however, to said Stearns, for himself or any one under him, the right to erect any buildings he may choose, on the premises, without molestation: The said Pynchon yielding and paying therefor the annual rent of fifteen dollars: The lease to commence on the first day of April last, and the rent to be paid on the first day of April in each year; and said Pynchon is also to keep the fences in repair, and pay all taxes that may be assessed on the premises. It being understood, however, that in case said Stearns should use any part of the land for buildings and their appendages, a proportionate amount shall be deducted from the rent which said Pynchon is to pay, in proportion to the quantity of land so taken. In witness whereof, the parties to this instrument have hereunto set their hands and seals, this thirteenth day of July, in the year of our Lord one thousand eight hundred and thirty nine. Charles Stearns, (seal.)

William Pynchon, (seal.) "

Evidence was also given, that the demandant, under the foregoing lease to him from the tenant, immediately entered into possession of the demanded premises, and remained in possession about three years, when the tenant entered upon said premises, and laid out a street through and over them

Pynchon *v.* Stearns.

and erected buildings on both sides of said street, and also on the line of Main Street, (mentioned in said lease,) and resumed possession of the whole of said premises, by himself and his tenants.

The case was taken from the jury, under an agreement of the parties, that if, in the opinion of the court, the demandant, upon the above evidence, could recover the demanded premises, judgment should be entered for him; otherwise that he should become nonsuit.

*D. Cummins & F. Cummins,* for the demandant.   As the tenant has entered upon the demanded premises, and ousted the demandant, this action well lies.   The tenant will rely on the reservation, or what he denominates a reservation, in his lease to the demandant, of what amounts to a freehold estate.  But this reservation, if it be one, is repugnant to the grant, and is therefore void.   *Mildmay's case,* 6 Co. 40. *Stukeley* v. *Butler,* Hob. 168.   2 Bl. Com. 298.   4 Kent Com. (3d ed.) 468.   But it is not a reservation, strictly taken. Nor is it a condition, nor an exception; or if it be the one or the other, it is void for uncertainty or repugnancy.   Shep. Touch. 76, 77, 127.   *Dorrell* v. *Collins,* Cro. Eliz. 6.   *Cutler* v. *Tufts,* 3 Pick. 277.

*B. R. Curtis & R. A. Chapman,* for the tenant.   It was the intention of the parties to the lease that the demandant should hold the land, while it should be used for agricultural purposes, and that the tenant might take it for other purposes, when he should so elect, deducting rent, in proportion to the quantity of land he should so take.   The provision for a deduction of ren' shows that the tenant should occupy, as well as build; and the demandant's agreemer. to pay all taxes shows that he regarded the contract as beneficial to him.

The court will effect the intention of parties, if it can be ascertained; and that intention is not to be defeated by the use of any technical words.   See *Goodtitle* v. *Bailey,* Cowp. 597.   *Russell* v. *Coffin,* 8 Pick. 151.   *Wallis* v. *Wallis,* 4 Mass. 136.   *Case* v. *Haight,* 3 Wend. 632.   Bac. Ab Leases, K. 14 Pick. 493.

Pynchon *v.* Stearns.

The provisions of the lease may be regarded as a covenant with the tenant, that he might enter and build on the premises ; so that he may hold the estate by estoppel.   See *White* v. *Patten*, 24 Pick. 324.  *Doe* v. *Oliver*, 10 Barn. & Cres. 181.

There is no repugnancy in the lease.   The occupant of it gives the demandant a life estate, and thereby, by merger, the whole estate ; and the latter part carves out a new estate, to be taken by the tenant, when he should choose.

The lease is not void for uncertainty.   It is no more uncertain than were the instruments which were held valid in *Russell* v. *Scott*, 9 Cow. 279, and *Dygert* v. *Matthews*, 11 Wend. 35.   See also *Jackson* v. *Vermilyea*, 6 Cow. 677.

WILDE, J.   This case depends on the construction of a very singular lease of the demanded premises from the tenant to the demandant.   The lease purports to convey or demise to the demandant the premises, to have and to hold the same during the life of Susan Pynchon, to whom the same had been devised by Edward Pynchon, the former owner, during her widowhood ; the remainder being devised to the demandant in fee simple.   The tenant, however, reserves " for himself, or any one under him, the right to erect any buildings he may choose, on the premises, without molestation ; " the demandant " yielding and paying therefor the annual rent of fifteen dollars."

It has been argued for the tenant, that this lease must be construed according to the intention of the parties.   And doubtless it should be, if that intention can be ascertained, and is not inconsistent with the rules of law.   But it is difficult to ascertain or imagine what the real intention of the parties was.   For if the reservation is valid, the demandant would be a mere tenant at will; and the tenant's counsel contend that such is to be the construction of the lease.   It is said that the intention was to give to the demandant the right of holding and cultivating the land demised, for agricultural purposes, until the tenant should see fit to enter and occupy it for house lots.   This may have been the intention of the lessor, but could not have been that of the lessee, if he had

any understanding of the effect of such a construction of the lease. Whether he had such an understanding, or what was his intention in the purchase, may be hard to say. But whatever were the intentions of the parties to this singular lease, we think there can be no doubt as to its legal effect, so far, at least, as it relates to the present action.

By the lease, the estate demised is expressly for and during the life of Susan Pynchon; and the question is, whether the estate thus expressly demised can, by the rules of law, be subverted or reduced to a mere estate at will, by the words of reservation. It is a well established rule of construction, that when an estate is expressly granted or demised in the premises of a deed, and the habendum is repugnant to the estate granted or demised, the habendum is void. 4 Kent Com. (3d ed.) 468. 2 Bl. Com. 298. As if a grant be to A. and his heirs, habendum to him for life, the habendum would be utterly void. And the same rule of construction would apply to a repugnant reservation, exception, or condition, following after the habendum; for whether the estate is described in the premises, or in the habendum, is not material. In *Cutler* v. *Tufts*, 3 Pick. 277, Parker, C. J. lays down the doctrine as very clear, by reason as well as by the authorities, that if a man grants one undivided moiety of a tract, and it is added, " meaning hereby to sell one undivided fourth part," the latter clause is to be rejected, on the ground " that the words cannot stand together, and the grantor shall not have the benefit of such an unjust interpretation of words, which he himself has introduced into the instrument, as would give him the right to destroy his own grant."

The general principle is, that where an estate is expressly granted, and there follows a reservation, exception, or condition, which destroys the grant, it is void, being repugnant to the thing first granted. Bac. Ab. Grants, I. 1. *Stewkley* v. *Butler*, Mo. 880, 881. As if a lease for years be made to a man and his assigns, provided that he shall not assign; the proviso is void. So an exception of the whole estate granted is void; or an exception of a part of the estate expressly

granted; as if a man leases twenty acres, excepting one acre the exception is void. Co. Lit. 47 *a*. Com. Dig. Fait, E. 7, 1 Lil. Ab. 560. Comyn Land. & Ten. 74.

These rules of construction seem to be founded on just principles, and they are decisively opposed to the grounds of defence upon which the tenant's counsel rely. For if the reservation or exception is to be construed as they contend, it is very clear that it is repugnant to the words of the lease, by which the estate demised was defined and limited; and it is consequently void. Nothing can be more repugnant to the express limitation of the estate demised, than is the right claimed by the tenant; which is the right, at his own will and pleasure, to enter into the premises; to erect buildings; to hold possession against the will of the demandant; and thus utterly to defeat and subvert the estate demised to him in express terms.

It has been argued, that the words of reservation may be so construed as to amount to a condition; but if they could, this would not avoid the objection of repugnancy. It is a well settled principle, repeatedly laid down by Lord Coke, and in other authorities, that no condition or limitation can be good that contains in it matter repugnant and tending to the subversion of the estate granted. Shep. Touch. 129, 130, and the cases there cited. But we are of opinion that the reservation is not to be so construed as to be repugnant to the habendum in the lease.

It was argued by the tenant's counsel that the words of reservation may be so construed as to amount to a covenant by the lessee to permit the lessor to enter and erect houses on the premises; and we think so too. This was a lease by indenture, and no particular form of words is requisite to constitute a covenant. But what is the covenant? It is merely to permit the tenant (the lessor) or any one under him, to erect any buildings he may choose, on the premises, without molestation. The demandant has not broken this covenant, and his recovery of judgment in this case will be no violation of it. It amounts to a license only, and no estate is reserved

27 *

to the tenant, (the lessor,) either for the life of Mrs. Pynchon, or his own life, or for a term of years.   When he entered on the premises, and erected buildings thereon, he was only a tenant at will, and the legal title remained in the demandant. The tenant's estate at will cannot be enlarged by implication, especially as thereby a repugnancy would be created in different parts of the lease, which never can be created by implication or intendment.   We are therefore of opinion, that there is no repugnancy between the words of the demise and the words of the reservation.   They may well stand together. This, it is true, renders the reservation a very unprofitable one to the lessor, and may subject him to damage and loss; but this is not to be attributed to any fault of the lessee, but to the improvidence of the lessor, who, as it is stated, has erected sundry buildings on the premises, under a mistake, doubtless, of his legal rights, and without first having them ascertained, as he should have done.

For these reasons, on the whole matter, we are of opinion, that the demandant is entitled to judgment.   The issue is solely on the seizin, and the question is, in whom is the legal estate.   The demandant, being tenant in fee in remainder, by the devise of his brother, and having acquired the life estate of his brother's widow, by grant of the tenant, subject to an annual rent, the life estate merged, and he became tenant in fee.

Whatever right the tenant may have, by force of the indenture, by way of grant or covenant, whether in the nature of an easement, or license, or other subordinate interest, it is not in issue in this action, and is not to be affected by this judgment.

*Judgment for the demandant.*